Ronald M. Horwitz, #005655
Janessa E. Koenig, #018618
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000
jek@jaburgwilk.com

Attorneys for Wells Fargo Bank, N.A.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| MICHAEL S. DONOHUE, | Case No. 2:10-bk-02446-RTB |
| Debtor. | |
| MICHAEL S. DONOHUE, | **STIPULATION REGARDING AVOIDANCE OF JUNIOR LIEN HELD BY WELLS FARGO BANK, N.A.** |
| Debtor, | |
| vs | |
| WELLS FARGO BANK, N.A., | Subject Property: 20278 N. 51st Drive Glendale, AZ 85308 |
| Respondent. | |

This Stipulation Regarding Avoidance of Junior Lien Held by Wells Fargo Bank, N.A. ("Stipulation") is entered into by and between Michael S. Donohue (hereinafter referred to as "Debtor"), by and through his attorney of record, Nasser U. Abujbarah, and Wells Fargo Bank, N.A. (hereinafter referred to as "Wells Fargo"), by and through its attorney of record, Janessa E. Koenig.

## RECITALS

A. Debtor Michael S. Donohue is the maker a SmartFit Home Equity Account Agreement and Disclosure Statement dated December 20, 2006, under which the Debtor received a line of credit from Wells Fargo in the original principal amount of $114,220.00 ("the Note"), which is secured by a second position Deed of Trust ("Second Deed of Trust") in favor of Wells Fargo dated December 20, 2006, and recorded on January 18, 2007 with the Maricopa County Recorder's Office at Instrument No. 2007-0065166,

15420-66/JEK/JEK/860982_v1

encumbering the real property located at 20278 N. 51st Drive, Glendale, Arizona 85308 (the "Subject Property"). The Subject Property is legally described as follows:

> Lot 72, Arrowhead Lakes Unit 8B, According to Book 401 of Maps, Page 26, Records of Maricopa County, Arizona.

The Note and Second Deed of Trust are collectively referred to hereinafter as the "Subject Loan."

B. On or about January 29, 2010, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy for the District of Arizona, and was assigned Case No. 2:10-bk-02446-RTB.

C. On or about December 10, 2010, Debtor filed a First Chapter 11 Plan of Reorganization, wherein he has proposed to treat Wells Fargo's claim based upon the Note and Second Deed of Trust as unsecured, and that Wells Fargo's Second Deed of Trust encumbering the Subject Property be avoided.

D. On or about January 14, 2010, Wells Fargo filed an Objection to Confirmation of the Debtor's Chapter 11 Plan.

## AGREEMENTS

**THE PARTIES HEREBY STIPULATE AND AGREE TO THE ENTRY OF A FINAL ORDER WHICH PROVIDES AS FOLLOWS:**

1. Wells Fargo's claim secured by the Second Deed of Trust shall be treated, classified and allowed as a non-priority general unsecured claim in the Debtor's Chapter 11 Plan, SUBJECT TO THE FOLLOWING CONDITIONS:

    A. The avoidance of Wells Fargo's Second Deed of Trust is contingent upon the confirmation of the Debtor's Chapter 11 plan;

    B. The avoidance of Wells Fargo's Second Deed of Trust is contingent upon the Debtor's full performance and completion of his Chapter 11 plan; and

    C. The avoidance of Wells Fargo's Second Deed of Trust is contingent upon the Debtor's receipt of a Chapter 11 discharge.

15420-66/JEK/JEK/860982_v1

2

2. Upon receipt of the Debtor's Chapter 11 discharge and completion of his Chapter 11 Plan, Wells Fargo shall, after receipt of notice of said discharge, promptly record a reconveyance of its Second Deed of trust against the Subject Property with the Maricopa County Recorder's Office;

3. Wells Fargo shall retain its lien for the full amount due under the Subject Loan and Second Deed of Trust, and Wells Fargo's lien shall not be avoided, and Wells Fargo's claim shall be treated as a secured claim, in the event of (a) the Debtor's surrender of the Property; (b) the dismissal of the Debtor's Chapter 11 case; or (c) the conversion of the Debtor's Chapter 11 case to any other Chapter under the United States Bankruptcy Code;

4. In the event that the holder of the first lien on the Subject Property forecloses on its security interest and extinguishes Wells Fargo's Second Deed of Trust prior to the Debtor's completion of his Chapter 11 Plan and receipt of a Chapter 11 discharge, Wells Fargo's lien shall attach to the surplus proceeds of the foreclosure sale for the full amount of the Subject Loan balance at the time of the sale;

5. The Debtor may petition the Court for a release of Wells Fargo's lien prior to discharge by appropriate separate application to the Court, with notice to Wells Fargo and to its counsel, in the event of a sale or refinancing of the Subject Property;

6. The terms of this Stipulation will be incorporated by reference in an Order confirming the Debtor's Chapter 11 Plan in bankruptcy case number 2:10-bk-02446-RTB; and

7. Wells Fargo will vote in favor the of the Debtor's Chapter 11 Plan of Reorganization, and counsel for the Debtor may submit a vote in favor of the Debtor's Chapter 11 Plan of Reorganization should Wells Fargo fail to timely submit a vote.

IT IS SO STIPULATED:

Dated: 2/2/11            By: _____
                              Nasser U. Abujbarah
                              Attorney for Debtors

3

15420-66/JEK/JEK/860982_v1

| | | |
|---|---|---|
| 1 | Dated: 2/3/11 | By: _____ |
| 2 | | Janessa E. Koenig |
| | | Attorney for Wells Fargo Bank, N.A. |
| 3 | | |

ORIGINAL of the foregoing filed via
ECF this 3rd day of January, 2011

COPIES of the foregoing mailed this
3rd day of January, 2011 to:

Nasser U. Abujbarah, Esq.
The Law Office of Nasser U. Abujbarah
5785 East Azure Hills
Cave Creek, Arizona 85331
Attorney for Debtor

Michael S. Donohue
PO Box 71036
Phoenix, AZ 85050

s/ Jeanette Chavez
_____

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

15420-66/JEK/JEK/860982_v1

4